SCRIBNER et al. v. STRAUS et al.

CHARLES SCRIBNER'S SONS v. SAME.

(Circuit Court, S. D. New York. July 11, 1905.)

Nos. 8,583, 8,936.

1. COPYRIGHTS—BOOKS—SALE—RIGHTS OF PURCHASERS.

Where defendants purchased copyrighted books, some from complainants at retail, for which full retail prices were paid, which defendants sold at retail at a loss, and other books were purchased of dealers who had purchased from complainants and paid the full price demanded, and there was no notice given by complainant either to defendant or to the dealers, restricting or limiting the title conveyed, defendants legally acquired the full title to the books purchased, and were not liable for infringement of copyright by reason of the sale of the books at a less price than that fixed by complainant under an alleged restriction, fixing the price at which the books should be sold at retail, of which defendants had notice.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, §§ 41, 47.]

2. SAME—RESTRICTION OF SALES.

The following, contained in catalogues and bills for books sold rendered to the purchasers for sale at retail: "Copyrighted net books published

after May 1, 1901, and copyrighted fiction published after February 1, 1902. are sold on condition that prices be maintained as provided by the regulations of the American Publishers' Association"—does not constitute a limitation or restriction of the title to the books..

In Equity.

Suits to restrain defendants from infringing complainants' copyrights for books by selling copyrighted books at retail, without a license from complainants, at a lower price than fixed, and not maintaining retail prices, as provided by the regulations of the American Publishers' Association; also to restrain defendants from contributory infringement of such copyrights by inducing wholesale dealers and jobbers in such books to violate their agreements with complainants as to the sale of copyright books. The defendants deny infringement in any sense, deny that complainants have proved a cause of action, and allege that complainants parted with title to all books the defendants have purchased and sold, and that, being their property, they had the right to sell them at such price as they saw fit to fix.

Stephen H. Olin and Olin, Clark & Phelps, for complainants.

Spiegelberg & Wise (John G. Carlisle and Edmond E. Wise, of counsel), for defendants.

RAY, District Judge (after stating the facts as above). In the first action, No. 8,583, the alleged limitation on the right to sell books at retail at less than a fixed price expired before the final hearing; hence no injunction, and only an accounting, could be granted in that case. The parties to that suit all reside in the state of New York. There is no diversity of citizenship. In the second suit, No. 8,936, the limited time had not expired, and, as defendants had incorporated under the laws of New Jersey before bringing the action, there exists in such action diversity of citizenship. If there is no infringement of a copyright shown in such first action, No. 8,583, it must be dismissed. In the second action, if defendants are violating complainants' rights, and a cause of action is shown, and the amount involved is sufficient, the action may be sustained, even if infringement of a copyright is not shown.

In this action the complainants not only allege infringement of their copyrights, but allege that they have valid contracts for the sale of their copyrighted books with certain parties, which are or were being carried out by them, and that defendants wrongfully, etc., have induced and are inducing such parties to violate such contracts by false representations and other acts, to the great injury of the complainants' business. They set forth certain facts tending to show grounds for equitable relief and an injunction. The complainant is the owner of a large number of copyrights, and is a publisher. It publishes and puts on the market its copyrighted books, but asserts that it puts them on the market under certain limitations and restrictions, which attach to the books and the right to sell in the hands of all persons having notice of such restriction. The complainants are members of an association known as the "American Publishers' Association." This association has made certain rules as to the purchase and sale by publishers and

dealers of copyrighted books. These rules are attached to the complaint and set out in full in the opinion of this court in the case of the Bobbs-Merrill Company against these same defendants (just decided), 139 Fed. 155. In that case, while the facts were somewhat different, the questions of law involved here were extensively discussed.

Paragraph 3 of those rules provides as follows:

"That the members of the association agree that such net copyrighted books, and all others of their books, shall be sold by them to those booksellers only who will maintain the retail price of such net copyrighted books for one year, and to those booksellers and jobbers only who will sell their books further to no one known to them to cut such net prices, or whose name has been given to them by the association as one who cuts such prices, or who fails to abide by such fair and reasonable rules and regulations as may be established by local associations as hereinafter provided."

The complainants, in their attempt to live up to these rules of this association, and to enforce them against others and these defendants, and to maintain the fixed retail price of books sold in the retail trade, and to exclude from the business of selling their publications, or the publications of any other publisher of books (copyrighted publications), those who will not observe such rules, have fixed the retail price of their copyrighted books and adopted the following method of selling, viz.: For stock orders a salesman in most instances goes to a dealer and takes his order, or the dealer orders by mail, or, if a New York City dealer is purchasing, he sends a messenger. As to notifying dealers, purchasers, of the rules as to net prices and discount on fiction, fixed by the rules of such association, the complainants print a notice on their catalogues and on their billheads, reading as follows:

On catalogues:

### Charles Scribner's Sons' Catalogue of Publications.

All Books sent Postpaid except where Postage is Indicated.
Note to the Trade:
Copyrighted Net books published after May 1st, 1901, and copyrighted fiction published after February 1st, 1902, are sold on condition that prices be maintained, as provided by the Regulations of The American Publishers' Association. On such books the month of publication is given except where the book is announced as In Press.
Books starred are mostly Educational and are subject to a slightly different discount to the Trade than other Net books.

On billheads:

All claims for Allowance must be made within five days after receipt of Goods —Not Responsible for Books ordered sent by Mail, or sent out to be Packed.

153–157 Fifth Avenue
Between 21st & 22nd Streets.
New York.............................190
M.......................................
Folio..........
Bought of Charles Scribner's Sons
Publishers, Importers and Booksellers.
Terms: Net Cash. Payable with Exchange on New York.
Sent per.....................................
Copyrighted Net books published after May 1, 1901, and copyrighted fiction published after February 1, 1902, are sold on condition that prices be maintained as provided by the regulations of the American Publishers' Association.

In complainants' evidence we find this on this subject:

Q. "Is any other method taken to bring the rules of the association to the notice of purchasers in the wholesale department?" A. "Not by Charles Scribner's Sons."

As to new customers the witness says:

Q. "When a new firm comes to deal with Charles Scribner's Sons that is unknown to you, what do you do?" A. "We get what information we can as to their standing and whether or not they will be willing to maintain the rules of the association by referring the matter to the association for investigation, or sometimes by sending them this blank which has been presented." Q. "Can you say whether or not these rules are, in one way or another, brought to the attention of every purchaser from the wholesale department?" A. "No, sir." Q. "They are not brought to their notice?" A. "Except in the way I have described, by the bill heads and the catalogues, and, in case of a new purchaser, by correspondence and sending that notice in some cases." Q. "Have any sales been made by Charles Scribner's Sons, since the adoption of those rules in their wholesale department, except subject to those rules?" A. "No, sir." Q. "They are not brought to their notice?" A. "Except in the way I have described, by the bill heads and the catalogues, and, in case of a new purchaser, by correspondence and sending that notice in some cases."

It is conceded that defendants knew of the rules and of the custom of the complainants. Defendants did not purchase any books of complainants. They had a purchasing agent, who purchased them where he could get them, paying therefor in cash.

In the Bobbs-Merrill Case, just decided and above referred to, this court has held, following the Circuit Court of Appeals in the Second Circuit in Harrison v. Maynard, Merrill & Co., 26 U. S. App. 99, 61 Fed 689, 10 C. C. A. 17, that, so long as the publisher of a copyrighted book (such publisher owning the copyright) retains the title to the copies which he has the exclusive right to vend by virtue of the copyright, he can impose restrictions upon the manner in which and the persons to whom the copies can be sold. If agents or licensees, intrusted with the possession of such books, not having title, violate their instructions and sell to a person who has knowledge of the restricted power, such sale of such copyrighted book is an infringement and may be restrained. This right results from the fact that the owner of the copyright and copyrighted book has not parted with the title to the book or to the copyright. The right to restrain the sale is gone, however, when the owner of the copyright and of the copy or copies in question parts with his title to such copy or copies and confers an absolute title on the purchaser, even if such sale be accompanied with an agreement for a restricted use or for a sale at a fixed price.

We come, then, in these cases, to the question whether the complainants in either case retained title to the books, or any of them, that passed to the possession of the defendants and which they have been and are engaged in selling. It seems clear that they did not. They conferred no conditional or defeasible title, but an absolute title. Some books the defendants purchased direct of the complainants at retail and paid the full retail price. They sold same at retail at a loss. This they had the right to do. They were the absolute owners. The others were purchased of dealers who had

purchased of the complainants and paid the full price demanded. There was no notice on each book, and it does not appear that these dealers had seen the catalogues, or that they had a bill of sale containing the notice. But, however this may be, the notice does not retain the title, or restrict or limit the title conveyed. If so, the complainants could have replevied the books when they found they were being sold in violation of instructions given their licensees intrusted with the books. It may be, and it may not be, that the dealers from whom the defendants took title knew of the conditions of the notice when they purchased of the complainants. If they did, they impliedly agreed that in selling the books which they then purchased of complainants they would maintain prices. If so, the relation was contractual, and the remedy of complainants is for a breach of that contract, if they can find the person or firm who violated it. The notice is not a license agreement, as in the Neostyle Case (recently decided by this court) 138 Fed. 110, and others there cited. Cortelyou et al. v. Charles Eneu Johnson Co. (C. C.) 138 Fed. 110. Reference is made to the opinion of this court in the Bobbs-Merrill Case for a full statement of the law. In this case the notice does not purport to restrict title, or create an agency, or establish a license agreement. There is no evidence that will justify a finding that defendants have unlawfully or improperly induced any person to violate their contract, if any, with complainants.

In each suit the defendants are entitled to a decree dismissing the complaint, with costs.